# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

Wallace James Beaulieu

(Enter the full name of **ALL** plaintiff(s) and prisoner

Number(s) in this action)


Vs.                                             Civil No. *11-cv-2593 DWF/TSM*


Lucinda Jesson, Dennis Benson,                  **COMPLAINT FOR VIOLATION**

Kevin Moser, Elizabeth Barbo,                   **OF CIVIL RIGHTS UNDER**

Susan Johnson, Scott Benoit,                    **42 U.S.C § 1983**

Terry Kniesel, Blake Carey,

Julianna Beavens, William Gullickson,

Sara Kulas, Ann Zimmerman,

Laurie Severson, Robert Rose,

Jane Stinar, Mike Anderson,

and Jay Little,

*In their official and personal capacities*

                    Defendants.



## I. PREVIOUS LAWSUITS

    A    Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment in the last three years?

           _____Yes        \_\_XX\_\_No


    B    If your answer to A is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

SCANNED

SEP 0 8 2011

U.S. DISTRICT COURT DULUTH

1. Parties to this previous lawsuit:

   Plaintiffs:          None                              .

   Defendants:          None                              .

2. Court (if federal court, name the district. If state court, also name the county)

   _____Not Applicable_____.

3. Case Number:  Not Applicable_____.

4. Name of judge to whom case was assigned:  Not Applicable_____.

5. Cause of Action (Cite statute under which you filed and write a brief statement of the case):

   _____Not Applicable_____.

6. Disposition (For example: was the case dismissed? Appealed? Still pending?)

   _____Not Applicable_____.

7. Approximate date of filing of lawsuit:  Not Applicable_____.

8. Approximate date of disposition:  Not Applicable_____.

9. Attach copy of disposition if not from Federal District Court of Minnesota.


## II.   PLACE OF PRESENT CONFINEMENT

A. Is there a prisoner grievance procedure in the institution?

   _____Yes          _____No  _XX_Not Applicable

B. Did you present the facts relating to your complaint in the prisoner grievance procedure?

   _____Yes          _____No  _XX_Not Applicable

C. If your answer is Yes:

    1.      What steps did you take?   <u>Not Applicable              </u>.

    2.      What was the result?   <u>Not Applicable            </u>.

    3.      Attach a copy of the disposition.

D. If your answer is No, explain why not:

The MSOP does not have an adequate grievance system for addressing this violation of Plaintiff's 1st Amendment rights. The grievances are dealt with by the same parties complained about, and are routinely "affirmed" without any adequate Review or Due Process, as will be shown throughout the discovery process.

## III.  PARTIES

(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs)

A. Name of Plaintiff:          Wallace James Beaulieu

    Address:                 1111 Hwy 73, Moose Lake, MN 55767

    Additional Plaintiffs:     None

(In Item B below, place the full name of the defendant in the first blank, official position in the second blank, and place of employment in the third blank. Do the same for all additional defendants, using a separate page if necessary)

B.  Name of Defendant:      <u>Lucinda Jesson</u>

    Employed as:           Commissioner

    At:                    Minnesota Department of Human Services

    Additional Defendants:

                         <u>Dennis Benson</u>

    Employed as:           Chief Executive Officer

    At:                    Minnesota Sex Offender Program

<u>Kevin Moser</u>

| | |
|---|---|
| Employed as: | Director MSOP-Moose Lake Site |
| At: | Minnesota Sex Offender Program |

<u>Elizabeth Barbo</u>

| | |
|---|---|
| Employed as: | Assistant Director MSOP-Moose Lake Site |
| At: | Minnesota Sex Offender Program |

<u>Susan Johnson</u>

| | |
|---|---|
| Employed as: | Program Manager MSOP-Moose Lake Site |
| At: | Minnesota Sex Offender Program |

<u>Scott Benoit</u>

| | |
|---|---|
| Employed as: | Program Manager MSOP-Moose Lake Site |
| At: | Minnesota Sex Offender Program |

<u>Terry Kniesel</u>

| | |
|---|---|
| Employed as: | Program Manager MSOP-Moose Lake Site |
| At: | Minnesota Sex Offender Program |

<u>Blake Carey</u>

| | |
|---|---|
| Employed as: | Assistant Group Supervisor |
| At: | Minnesota Sex Offender Program |

<u>Julianna Beavens</u>

| | |
|---|---|
| Employed as: | Group Supervisor |
| At: | Minnesota Sex Offender Program |

<u>William Gullickson</u>

| | |
|---|---|
| Employed as: | Assistant Group Supervisor |
| At: | Minnesota Sex Offender Program |

<u>Sara Kulas</u>

Employed as:          Assistant Group Supervisor

At:                        Minnesota Sex Offender Program


<u>Ann Zimmerman</u>

Employed as:          Security Director

At:                        Minnesota Sex Offender Program


<u>Laurie Severson</u>

Employed as:          Security Supervisor

At:                        Minnesota Sex Offender Program


<u>Robert Rose</u>

Employed as:          Unit Director, Complex 1-D

At:                        Minnesota Sex Offender Program


<u>Jane Stinar</u>

Employed as:          Security Counselor Lead, Unit 1-D

At:                        Minnesota Sex Offender Program


<u>Mike Anderson</u>

Employed as:          Security Counselor, Unit 1-D

At:                        Minnesota Sex Offender Program


<u>Jay Little</u>

Employed as:          Security Counselor

At:                        Minnesota Sex Offender Program


Lucinda Jesson is the Commissioner of the Department of Human Services, and is responsible for oversight of the Minnesota Sex Offender Program. Mrs. Jesson is also directly involved in the Policy-making decisions that led to this Constitutional violation.

Dennis Benson is the Chief Executive Officer of the Minnesota Sex Offender Program, and is responsible for the overall decision-making and Policy decisions that pertain to the Minnesota Sex Offender Program and the Conditions complained of in this complaint. Mr. Benson is also directly involved in the Policy-making decisions that led to this Constitutional violation.

Kevin Moser is the Director of the Minnesota Sex Offender Program-Moose Lake Site, and is responsible for administering the policies complained of, and is directly responsible for oversight of the entire Moose Lake Facility. Mr. Moser is also directly involved in the decision-making meetings within the Facility.

Elizabeth Barbo is the Assistant Director of the Moose Lake Facility, and is responsible for the day-to-day Operations, and supervision of the Employees of the Minnesota Sex Offender Program-Moose Lake Site. Mrs. Barbo is also directly involved in the decision-making meetings within the Facility.

Susan Johnson is a Program Manager, and is responsible for Direct Supervision of Security Counselors employed at the Minnesota Sex Offender Program-Moose Lake Site. Mrs. Johnson is also directly involved in the decision-making meetings within the Facility.

Scott Benoit is a Program Manager, and is responsible for Direct Supervision of Security Counselors employed at the Minnesota Sex Offender Program-Moose Lake Site. Mr. Benoit is also directly involved in the decision-making meetings within the Facility.

Terry Kniesel is a Program Manager, and is responsible for Direct Supervision of Security Counselors employed at the Minnesota Sex Offender Program-Moose Lake Site. Mr. Kniesel is also directly involved in the decision-making meetings within the Facility.

Julianna Beavens is a Group Supervisor, and is responsible for the day-to-day decisions regarding operations of the Minnesota Sex Offender Program, and is a Direct Supervisor of the MSOP Moose Lake Program Managers and Security Counselors. Mrs. Beavens is also directly involved in the decision-making meetings within the Facility.

Blake Carey is an Assistant Group Supervisor and is responsible for the day-to-day operations of the Minnesota Sex Offender Program, and is a Direct Supervisor of the Program Managers and Security Counselors. Mr. Carey is also directly involved in the decision-making meetings within the Facility.

William Gullickson is an Assistant Group Supervisor and is responsible for the day-to-day decisions regarding operations of the Minnesota Sex Offender Program, and is a Direct Supervisor of the Program Managers and Security Counselors. Mr. Gullickson is also directly involved in the decision-making meetings within the Facility.

Sara Kulas is an Assistant Group Supervisor and is responsible for the day-to-day decisions regarding operations of the Minnesota Sex Offender Program, and is a Direct Supervisor of the Program Managers and Security Counselors. Mrs. Kulas is also directly involved in the decision-making meetings within the Facility.

Ann Zimmerman is the Security Director, and is responsible for implementing and enforcing the MSOP's Security protocols and is involved in Policy making decisions within the MSOP-Moose Lake Site. Mrs. Zimmerman is also directly involved in the decision-making meetings within the Facility.

Laurie Severson is the Security Supervisor, and is responsible for the overall day-to-day Supervision of the Security operations within the MSOP-Moose Lake Site. Ms. Severson is also directly involved in the decision-making meetings within the Facility.

Robert Rose is the Unit Director for Complex Unit-1D, and is responsible for Supervising the Security Counselors assigned to Complex Unit-1D. Mr. Rose is also responsible for the day-to-day decision-making regarding overall operations of Complex Unit-1D. Mr. Rose is also directly involved in the decision-making meetings within the Facility.

Jane Stinar is a Security Counselor Lead on Complex Unit 1D, and is responsible for the day-to-day operations within Living Unit-1D. Mrs. Stinar is directly involved in the Constitutional violations complained about.

Mike Anderson is a Security Counselor on Complex Unit 1D, and is directly involved in the Constitutional violations complained about.

Jay Little is a Security Counselor, and is directly involved in the Constitutional violations complained about.

## IV.  STATEMENT OF CLAIM

Provide a concise summary of the **facts** on which your claim is based. Describe how **each individual** defendant is personally involved, including dates, places, and specific wrongful acts or omissions of each defendant. Each factual allegation should be set forth in a separate numbered paragraph. (All paragraphs in the "STATEMENT OF CLAIM" should be consecutively numbered.) Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.

1.          On August 31, 2011, Security Counselor Lead Jane Stinar wrote a Behavior Expectations Report alleging that plaintiff refused to put his necklace "under his shirt" per policy. Plaintiff wrote a "request form" to Unit Director Robert Rose complaining of the retaliatory directives given by Mrs. Stinar for writing a complaint about her friends/co-workers. Assistant Group Supervisor Sara Kulas responded to the request, stating "You are directed to comply with the policy which indicates all necklaces are to be worn under clothing". Plaintiff refused; explaining that the necklace was previously approved "Per Policy", through the "allowable items committee", and that the Policy violates his 1st Amendment right to freedom of expression. Plaintiff was charged with "Failure to Comply", which is an RS4 violation with no set penalty or set duration for the restriction. RS4 is a restriction status which restricts clients to their cell for the entire day, with only one 5 minute break per hour, and showers "by request form only". This violation was written as a "redirection". MSOP Policy #303.020, subd. A (11) is unconstitutional, as it offends the 1st Amendment of the United States Constitution. Defendants, ***Acting under Color of State Law*** (Minn. Stat. §§144.651 subd. 22, 253B.185 subd. 7) are enforcing a policy that violates plaintiff's constitutional rights. These actions also violate plaintiff's right to Procedural Due Process under the 5th and 14th Amendments to the United States Constitution. Plaintiff has a constitutional right to Procedural Due Process before being arbitrarily stripped of his right to express himself. Plaintiff has a right guaranteed by the 1st Amendment to free speech and expression. The policy unconstitutionally strips plaintiff of his right to freedom of expression; without Due Process, and lacks any indication of a therapeutic goal. Since plaintiff has completed his criminal sentence, the State has lost its right to "punish" him.

2.          On September 1, 2011 Security Counselor Lead Jane Stinar wrote a "second" Behavior Expectations Report alleging that plaintiff "still had his necklace on top of his shirt". Plaintiff was charged with violating rule 150 *Failure to Comply* and rule 190 *Improper Dress*. Plaintiff was given a *consequence* of "RS1 with a 7 day canteen ordering restriction". Pursuant to the Behavior Expectations Policy, plaintiff was not even allowed a hearing to determine the merits of the violation or his guilt or innocence, nor was he asked to sign a "waiver" accepting the restriction. Plaintiff asked A.G.S. Sara Kulas to meet with plaintiff to discuss the reports being written by Jane Stinar. Mrs. Kulas refused, and said plaintiff is required to follow the policy. Plaintiff informed her that the policy violates the Constitution, and plaintiff has the right to freedom of speech and expression. Mrs. Kulas stated "that's the policy, and you are required to follow it". Plaintiff asked Program Manager Terry Kniesel to clarify the reason for the policy, and explained to him that it violates the Constitution. Mr. Kniesel stated that "the written policy is what we will enforce". Sara Kulas spoke to plaintiff after she returned from an Administrative meeting at which she claimed Kevin Moser directed staff to enforce the policy "as it is

8

written". Defendants, ***Acting under Color of State Law*** (Minn. Stat. §§144.651 subd. 22, 253B.185 subd. 7) have created, and are enforcing a policy that violates plaintiff's constitutional rights. This violates plaintiff's right to freedom of expression under the 1st Amendment to the United States Constitution. It also violates plaintiff's right to procedural Due Process under the 5th and 14th Amendments to the United States Constitution. Supervisory Staff have an obligation to observe and protect our Constitutional rights. It is *clearly established Law* that citizens have the Right to freedom of speech, and expression, and that right is absolute. Plaintiff is a citizen of this country, and has had his civil rights restored following his now-expired criminal sentence. Defendants are inflicting emotional harm upon plaintiff by continuing to punish him for refusing to surrender his Constitutional right to freedom of expression.

3.      On September 1, 2011, Security Counselor Mike Anderson and Security Counselor Jay Little directed plaintiff to put his necklace under his shirt, Plaintiff refused, again trying to explain that the policy violates his right to freedom of expression, and that they are directly participating in a violation of plaintiffs constitutional rights. Mr. Anderson stated "I'm just following the policy". Plaintiff received a B.E.R. for the refusal, and a consequence of RS1 with a "7day lower dayroom restriction". Pursuant to the Behavior Expectations Policy, plaintiff was not even allowed a hearing to determine the merits of the violation or his guilt or innocence, nor was he asked to sign a "waiver" accepting the restriction. On this date, another client, a Caucasian, received a B.E.R. for the exactly same violation "refusing to wear his necklace under his shirt" by the exact same Staff (S.C. Jay Little and A.G.S. Blake Carey). But received no consequences. Plaintiff has a broken ankle and cannot climb stairs, so this restriction essentially "restricts him to his room" while on the living unit. This violates plaintiff's right to freedom of expression under the 1st Amendment to the United States Constitution. It also violates plaintiff's right to procedural Due Process under the 5th and 14th Amendments the United States Constitution. This also violates the Equal Protection Clause of the 14th Amendment, which mandates that all people similarly situated be treated the equally. MSOP staff members Jay Little and Blake Carey have discriminated against plaintiff based upon his race, or national origin. Supervisory Staff have an obligation to observe and protect our Constitutional rights. It is *clearly established Law* that citizens have the Right to freedom of speech, and expression, and that right is absolute. Plaintiff is a citizen of this country, and has had his civil rights restored following his now-expired criminal sentence. Defendants, ***Acting under Color of State Law*** (Minn. Stat. §§144.651 subd. 22, 253B.185 subd. 7) have created, and are enforcing a policy that violates plaintiff's constitutional rights. Defendants are inflicting mental and emotional harm upon plaintiff by continuing to punish him for refusing to surrender his Constitutional right to freedom of expression.

4.      On September 06, 2011 Security Counselor Lead Jane Stinar wrote a "third" Behavior Expectations Report alleging that plaintiff "still had his necklace on top of his shirt". Plaintiff was charged with violating rule 150 *Failure to Comply* and rule 190 *Improper Dress*. Plaintiff was given a *consequence* of "RS1 with a 14-day "lower dayroom restriction" to be served *consecutively* to the "7-day lower dayroom restriction" previously imposed by Mrs. Stinar. This restriction was approved by Unit Director Robert Rose. Pursuant to the Behavior Expectations Policy, plaintiff was not even allowed a hearing to determine the merits of the violation or his guilt or innocence, nor was he asked to sign a

"waiver" accepting the restriction. Defendants, ***Acting under Color of State Law*** (Minn. Stat. §§144.651 subd. 22, 253B.185 subd.7) have created, and are enforcing a policy that violates plaintiff's constitutional rights. This violates plaintiff's right to freedom of expression under the 1st Amendment to the United States Constitution. It also violates plaintiff's right to procedural Due Process under the 5th and 14th Amendments to the United States Constitution. Supervisory Staff have an obligation to observe and protect our Constitutional rights. It is *clearly established Law* that citizens have the Right to freedom of speech, and expression, and that right is absolute. Plaintiff is a citizen of this country, and has had his civil rights restored following his now-expired criminal sentence. Defendants are inflicting emotional harm upon plaintiff by continuing to punish him for refusing to surrender his Constitutional right to freedom of expression.

## V.   RELIEF

State briefly exactly what you want the court to do for you:

Make no legal arguments. Cite no case or statutes.

Plaintiff requests this Honorable Court issue a permanent injunction against the Minnesota Sex Offender Program requiring them discontinue the Policies that prohibit clients from Free speech and expression. Plaintiff also requests compensatory damages for emotional distress and mental anguish in the Amount of $50,000.00, and punitive damages in the amount of $400,000.00. Plaintiff also requests any declaratory and injunctive relief as this Court sees fit.

I hereby certify under penalty of perjury that the above petition is true to the best of my information, knowledge and belief.

Signed this ___10th___ day of September, 2011.

Signature(s) of Plaintiff(s)   _Wallace Beaulieu_
                              Wallace James Beaulieu

10