UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| WALLACE JAMES BEAULIEU,<br><br>    Plaintiff,<br><br>v.<br><br>LUCINDA JESSON, DENNIS BENSON, KEVIN MOSER, ELIZABETH BARBO, SUSAN JOHNSON, SCOTT BENOIT, TERRY KNIESEL, BLAKE CAREY, JULIANNA BEAVENS, WILLIAM GULLICKSON, SARA KULAS, ANN ZIMMERMAN, LAURIE SEVERSON, ROBERT ROSE, JANE STINAR, MIKE ANDERSON, and JAY LITTLE,<br><br>    Defendants. | Civil No. 11-2593 (DWF/JSM)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff commenced this action by filing a civil complaint, and an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 3.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be dismissed as to seven of the named Defendants – Elizabeth Barbo, Susan Johnson, Scott Benoit, Julianna Beavens, William Gullickson, Ann Zimmerman, and Laurie Stevenson.

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff is attempting to sue the named Defendants under 42 U.S.C. § 1983, for allegedly violating his federal constitutional rights. To state an actionable § 1983 civil rights claim, a complainant must allege a set of historical facts, which, if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A civil rights claimant must plead facts showing each named defendant's personal involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to state an actionable civil rights claim against a defendant, a complaint must set forth specific factual allegations showing what that particular defendant allegedly did, or failed

to do, while acting under color of state law, that purportedly violated the plaintiff's federal constitutional rights. As explained by the Supreme Court, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S.Ct. at 1948 (emphasis added).

In this case, Plaintiff has failed to plead an actionable § 1983 claim against Defendants Barbo, Johnson, Benoit, Beavens, Gullickson, Zimmerman and Severson, because his complaint does not describe any specific acts or omissions by any of these seven named Defendants. Plaintiff has alleged only that these Defendants are generally "involved in decision-making meetings" at MSOP. There are no allegations suggesting that any of these Defendants played any role in any of specific incidents described in Plaintiff's complaint. Plaintiff has not described anything that any of these Defendants did, or failed to do, that could be viewed as a violation of his federal constitutional rights.[1]

Because Plaintiff has not identified any specific personal acts or omissions by Defendants Barbo, Johnson, Benoit, Beavens, Gullickson, Zimmerman or Severson, he has failed to plead an actionable civil rights claim against any of these Defendants. The Court will therefore recommend that Plaintiff's claims against these seven Defendants be dismissed pursuant to § 1915(e)(2)(B)(ii).

---

[1] It appears that Plaintiff probably is attempting to hold these seven Defendants vicariously liable for alleged misdeeds committed by their subordinates. It is well-settled, however, that the doctrine of respondeat superior is not applicable in federal civil rights actions, and supervisory officials cannot be held vicariously liable for the allegedly unconstitutional acts or omissions of their subordinates. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Therefore, Plaintiff cannot sue these seven Defendants under § 1983 for any constitutional violations that may have been committed by their subordinates.

In a separate order, the Court has granted Plaintiff's pending IFP application in this case.  Thus, at least for now, Plaintiff will be allowed to pursue his claims against the remaining ten Defendants named in his complaint, without prejudice to any defenses those Defendants may hereafter attempt to raise.

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that: Plaintiff's claims against Defendants Elizabeth Barbo, Susan Johnson, Scott Benoit, Julianna Beavens, William Gullickson, Ann Zimmerman, and Laurie Stevenson be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:   November 14, 2011

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 29, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within 14 days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.