## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Wallace James Beaulieu,                                    Civil No. 11-2593 (DWF/JFD)

          Plaintiff,

v.                                                        **MEMORANDUM**
                                                         **OPINION AND ORDER**
Lucinda Jesson, Dennis Benson, Kevin
Moser, Terry Kniesel, Blake Carey, Sara
Kulas, Robert Rose, Jane Stinar, Mike
Anderson, and Jay Little, *all in their*
*official and individual capacities*,

          Defendants.


## INTRODUCTION

This matter is before the Court on Defendants' partial motion to dismiss Plaintiff Wallace James Beaulieu's complaint for monetary damages against Defendants in their official capacity. (Doc. No. 43.) Beaulieu has not responded to the motion. For the reasons set forth below, the Court grants Defendants' motion.

## BACKGROUND

Beaulieu is civilly committed to the Minnesota Sex Offender Program ("MSOP"). In 2011, Beaulieu filed this action against Defendants under 42 U.S.C. § 1983, seeking monetary damages, injunctive relief, and declaratory judgment. (Doc. No. 1 at 10.) Beaulieu alleges that Defendants violated his First Amendment right of freedom of expression and his due process rights under the Fifth and Fourteenth Amendments when Defendants restricted Beaulieu from wearing a necklace on top of his shirt and

disciplined him when he failed to comply.  (*Id.* at 8-10.)  Beaulieu sues Defendants in

their individual and official capacities.  (*Id.* at 1.)  Defendants now move to dismiss

Beaulieu's claims for monetary damages against them in their official capacity.

## DISCUSSION

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all

facts in the complaint to be true and construes all reasonable inferences from those facts

in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th

Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory

allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir.

1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City

of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007).  Although a complaint need not contain "detailed factual allegations," it must

contain facts with enough specificity "to raise a right to relief above the speculative

level." *Id.* at 555.  In addition, the Court notes that *pro se* complaints are held to less

stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S.

519, 520 (1972) (per curiam).  Even so, a *pro see* complaint must allege facts, and not

just bare, unsupported, legal conclusions. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th

Cir. 1985).

Defendants in this case are state officials.  Beaulieu sues Defendants in their

individual and official capacities.  "[A] suit against a state official in his or her official

capacity is not a suit against the official but rather is a suit against the official's office . . . As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, the Court construes Beaulieu's § 1983 official-capacity claims against Defendants as being alleged against the State of Minnesota.

"The Eleventh Amendment immunizes an unconsenting State from damage actions brought in federal court, except when Congress has abrogated that immunity for a particular federal cause of action." *Hadley v. N. Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996).  "Section 1983 does not override Eleventh Amendment immunity." *Id.*  "It is well-settled that in a 42 U.S.C. § 1983 action, the Eleventh Amendment precludes an award of money damages against a state official acting in his or her official capacity." *Semler v. Ludeman*, No. 09-cv-732, 2010 WL 145275, at *7 (D. Minn. Jan. 8, 2010) (citing *Will*, 491 U.S. at 66-67).  Because the State has not consented to this action, Beaulieu is precluded from suing Defendants in their official capacity for monetary damages.  The Court therefore grants Defendants' partial motion to dismiss.

## CONCLUSION

For the reasons outlined above, the Court grants Defendants' partial motion to dismiss.  Beaulieu's claims for monetary damages against Defendants in their official capacity are dismissed with prejudice.

## ORDER

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1.      Defendants partial motion to dismiss Plaintiff's complaint for monetary damages against Defendants in their official capacity (Doc. No. [43]) is **GRANTED**.

2.      Only Beaulieu's claims for monetary damages against Defendants in their official capacity are **DISMISSED WITH PREJUDICE**.

3.      By separate correspondence, the Court will refer Plaintiff to the *Pro Se* Project.

Dated:  April 27, 2023                         s/Donovan W. Frank
                                               DONOVAN W. FRANK
                                               United States District Judge