UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Wallace James Beaulieu,

Plaintiff,

vs.

Lucinda Jesson, et al.,

Defendants.

Civil File No. 11-cv-2593 (DWF/JFD)

**DEFENDANTS'
STATEMENT OF THE CASE**

Defendants submit this Statement of the Case pursuant to the Court's Trial Order. ECF No. 104.

## I.    FACTS DEFENDANTS INTEND TO PROVE.

Defendants intend to prove facts consistent with those set forth in its Proposed Findings of Fact, which are filed alongside this statement. This case concerns the Minnesota Sex Offender Program's enforcement of policy provisions that require clients to wear necklaces underneath their shirt. *See* ECF No. 94 at 2-4. Following summary judgment, the only claim remaining is Plaintiff's Fourteenth Amendment Equal Protection claim, and only insofar as Plaintiff seeks prospective injunctive relief against Defendants in their official capacities. ECF No. 94 at 10; *see also* ECF No. 101 at 3. To prevail, Plaintiff will need to prove a current, ongoing official policy or custom violation of the Equal Protection Clause. Defendants intend to prove facts to defeat this claim.

1

### A.    Defendants Do Not Maintain A Current, Ongoing Official Policy Or Custom Of Enforcing The Necklace Rule Unequally.

Defendants will show that they do not maintain a current, ongoing official policy or custom of enforcing the necklace rule unequally, which defeats Plaintiff's Equal Protection claim.

Plaintiff may only seek relief against Defendants in their official capacities at trial. ECF No. 94 at 10. A suit against a state employee in their official capacity is a suit against the state itself. *Kentucky v. Graham*, 473 U.S. 165 (1985); *see also Assn' for Gov't Accountability v. Simon*, 128 F.4th 976, 977 (8th Cir. 2025). While the Eleventh Amendment generally bars suits against a state in federal court,[1] a plaintiff may still seek prospective injunctive relief against a state defendant based on an ongoing violation of federal law under *Ex Parte Young*. *Smith v. Reynolds*, 139 F.4th 631, 635 (8th Cir. 2025). Critically, prospective injunctive relief is only available in "cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past." *Id.* (quotation omitted). Plaintiff may only seek "relief necessary to correct a current violation of the Equal Protection Clause[.]" *Papasan v. Allain*, 478 U.S. 265, 282 (1986).

Additionally, since only Defendants in their official capacity remain in this action, Plaintiff must prove that he was injured by Defendants' official policy or custom, and not merely the actions of an individual. "Because the real party in interest in an official-

---

[1] Defendants have not waived their Eleventh Amendment immunity to suit. *See* Defs. Mem. Supp. Mot. to Dismiss at 5-7, ECF No. 45 (asserting immunity defense).

capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (applying "policy or custom" requirement to official capacity claims against state defendants) (quotation omitted); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (same); *see also Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29 (2010) (noting that the "policy or custom" requirement applies to claims for prospective relief). A plaintiff must prove that a defendant's execution of the government's policy or custom is what inflicted their injury. *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018).

If a plaintiff cannot point to an official government policy that violates federal law on its face, they must prove that an unofficial custom caused their injury. *Id.* To prove this, a plaintiff must show (1) that there exists a continuing, widespread, persistent pattern of unconstitutional misconduct by the government entity's employees, (2) deliberate indifference to, or tacit authorization of, such conduct by the governmental entity's policymaking officials after the officials had notice of such misconduct, and (3) that the plaintiff was injured by acts pursuant to the governmental entity's custom. *Id.* The pattern of unconstitutional conduct must be so pervasive, and so widespread to have the effect and force of law. *Id.*

In short, Plaintiff has the burden to prove[2] that Defendants currently, and on an ongoing basis, have an official policy or custom of enforcing the necklace rule inconsistent

---

[2] *See Der v. Connolly*, 666 F.3d 1120, 1128 (8th Cir. 2012) ("plaintiffs ordinarily retain the burden of proof throughout the trial in a suit brought pursuant to 42 U.S.C. § 1983") (quotation omitted); 42 U.S.C. § 1983 (plaintiff must prove "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws").

with the Equal Protection Clause, and that Plaintiff has suffered actual injury because of that official policy or custom. Defendants intend to present evidence demonstrating that no such official policy or custom exists, and that Plaintiff has not, and will not suffer any actual injury. Defendants anticipate that their presentation on this issue will include evidence regarding how MSOP leaders expect subordinates to enforce MSOP policy, and how MSOP leaders train their subordinates to enforce policy.

Defendants will ask this Court to find that Plaintiff has not met his burden to demonstrate the existence of current, ongoing disparate treatment. *Reynolds*, 139 F.4th at 635. Defendants will ask this Court to find that Plaintiff did not prove that there is an official policy of enforcing the necklace rule inconsistent with the Equal Protection Clause. *Hafer*, 502 U.S. at 25. Defendants will ask this Court to find that Plaintiff did not prove that there is a continuing, widespread, and persistent pattern of enforcing the necklace rule inconsistent with the Equal Protection clause, or that MSOP's policymaking officials were deliberately indifferent or tacitly authorized this pattern after being notified of the pattern. *Brewington*, 902 F.3d at 801. Defendants will ask the Court to find that Plaintiff did not prove that an official policy or custom of enforcing the necklace rule inconsistent with the Equal Protection Clause injured him. *Id.* And, Defendants will ask this Court to find that prospective injunctive relief is not appropriate.

Finally, Defendants also intend to preserve their other legal defenses to Plaintiff's Equal Protection claim, including those discussed in their Proposed Findings of Fact and Conclusions of Law and their Answer.

4

## II.     UNRESOLVED ISSUES.

Defendants identify the following unresolved issues that must be addressed prior to trial.

### A.     Substantive And Evidentiary Issue: Scope Of Trial.

Plaintiff's complaint alleges that MSOP did not equally enforce the necklace rule in 2011. *See* ECF No. 1. The parties disagree on whether acts or omissions taking place prior to Plaintiff's transfer to Community Preparation Services in June 2023, let alone in 2011 have any relevance to the issue now before the Court at trial: whether Defendants currently, and on an ongoing basis, have an official policy or custom of enforcing the necklace rule unequally, and that Plaintiff has suffered actual injury because of that official policy or custom. *Hafer*, 502 at 25; *Reynolds*, 139 F.4th at 635. Defendants understand appellate precedent as requiring Plaintiff to prove that Defendants have a current, ongoing official policy or custom that injures Plaintiff. *Hafer*, 502 at 25; *Reynolds*, 139 F.4th at 635. Therefore, evidence unrelated to the current state of MSOP policy or custom at the facility where Plaintiff resides is irrelevant. Based on its efforts to meet and confer, Defendants' understanding is that Plaintiff disagrees with this position. Defendants have filed three motions in limine explaining their position on the scope of relevant evidence.

### B.     Substantive Issue: The Specific Injunctive Relief That Plaintiff Seeks.

In the complaint, Plaintiff asked for a permanent injunction "requiring [Defendants] to discontinue the Policies that prohibit clients from Free speech and expression" and damages:

> Plaintiff requests this Honorable Court issue a permanent injunction against the Minnesota Sex Offender Program requiring them to discontinue the Policies that prohibit clients from Free speech and expression. Plaintiff also requests compensatory damages for emotional distress and mental anguish in the amount of $50,000.00, and punitive damages in the amount of $400,000.00. Plaintiff also requests any declaratory and injunctive relief as this Court sees fit.

ECF No. 1 at 10. Following summary judgment, only injunctive relief against Defendants in their official capacities related to Plaintiff's equal protection claim remains. ECF No. 94 at 10; ECF No. 101 at 3. Plaintiff previously represented that he sought "injunctive relief [in] the form of removing the 'under clothing' requirement from the [MSOP policies] currently in effect and adopting an interpretive rule to guide MSOP employees in the application of the various policies[.]" ECF No. 92 at 5. As the Court granted judgment for Defendants on Plaintiff's First Amendment claim, this relief is not available at trial.[3] ECF No. 94 at 6, 10. Indeed, this Court has already agreed that this relief is not available to

---

[3] Regardless, the catch-all provision in Plaintiff's complaint—"any declaratory or injunctive relief the Court sees fit"—does not comply with the Court's rules. Injunctive relief may only be ordered in specific terms, and must describe "in reasonable detail … the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). "Since an injunctive order prohibits conduct under threat of judicial punishment, basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed." *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974). An injunction that "does little or nothing more than order the defendant to obey the law is not specific enough." *Daniels v. Woodbury Cty., Iowa*, 742 F.2d 1128, 1134 (8th Cir. 1984). Should Plaintiff more specifically identify the injunctive relief he seeks, this Court should prohibit such evidence or argument since it was waived as not disclosed during discovery when asked. *See* ECF No. 69-1 at 30 (disclosing only injunctive relief "requiring MSOP [to] discontinue policies that prohibit clients from engaging in constitutionally protected activities" in discovery); Fed. R. Civ. P. 37(c)(1) (providing that if a party fails to supplement an interrogatory with information, "the party is not allowed to use that information…at trial, unless the failure was substantially justified or is harmless"). Defendants are prejudiced by the lack of clarity in the relief that Plaintiff seeks at trial, as they cannot prepare to rebut what they do not know will be sought.

Plaintiff on his remaining claim: "the only remedy which could be awarded at trial is injunctive relief against Defendants in their official capacities to remedy [similarly situated individuals [being] treated differently under the necklace policy]." ECF No. 101 at 3.

### C. Procedural Issues.

Defendants anticipate calling Nancy Johnston, executive director of MSOP, to testify. Ms. Johnston reports a scheduling conflict on Thursday, July 9, from 12 to 4pm. Defendants anticipate that they will be able to call witnesses in an order that accommodates Ms. Johnston's schedule, but wished to bring this conflict to the Court's attention nonetheless.

Dated: June 15, 2026.

Respectfully submitted,

KEITH ELLISON
Attorney General
State of Minnesota

**s/ Mara Sybesma**
MARA SYBESMA
Assistant Attorney General
Atty. Reg. No. 0403770

SCOTT IKEDA
Assistant Attorney General
Atty. Reg. No. 0386771

445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101-2125
(651) 757-1167 (Voice)
(651) 282-5832 (Fax)
mara.sybesma@ag.state.mn.us
scott.ikeda@ag.state.mn.us

*Attorneys for Defendants*