**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| WALLACE JAMES BEAULIEU, | |
| Plaintiff, | Civil Case No. 11-cv-2593 (DWF/JFD) |
| v. | |
| DENNIS BENSON, KEVIN MOSER, TERRY KNIESEL, BLAKE CAREY, SARA KULAS, ROBERT ROSE, JANE STINAR, MIKE ANDERSON, JAY LITTLE, *In their official capacities,* | **PLAINTIFF'S STATEMENT OF THE CASE** |
| Defendants. | |

1

## I.   NATURE OF THE CASE

This is a bench trial regarding Plaintiff's claim for prospective injunctive relief only for past and ongoing violation of the Equal Protection Clause of the Fourteenth Amendment. Plaintiff's claim is limited against Defendants in their official capacities only.

Plaintiff contends that Defendants have enforced, and continue to enforce, a policy that prevents Plaintiff from wearing a religious item—a medicine bag—above his shirt. Although the challenged conduct began in 2011, the relevant policy language remains materially unchanged. The underlying incidents and policies from 2011 are not isolated historical grievances, but are part of a continuous course of conduct. Evidence concerning the 2011 conduct and policies is relevant to the origin, purpose, and ongoing application of the violation of Plaintiff's rights. Plaintiff continues to abstain from wearing his medicine bag because the same policy remains in effect and because prior enforcement of the policy reasonably indicates that renewed discipline would follow if Plaintiff again wore his medicine bag above his shirt.

Plaintiff further contends that the policy has not been enforced in a neutral or uniform manner. The evidence will show that other MSOP clients of other faith groups violated the same policy without consequence, while Plaintiff was singled out for enforcement when attempting to wear his medicine bag associated with his faith.

Plaintiff seeks narrowly tailored injunctive relief prohibiting continued discriminatory enforcement of the policy against his religious practice.

## II.    FACTS PLAINTIFF INTENDS TO PROVE

1.    Plaintiff is a client in the MSOP.

2.    Plaintiff practices the Native American faith and is a member of the Leech Lake Band

3.    As part of the Native American faith, Plaintiff seeks to wear a medicine bag as an expression of his religious practice and culture.

4.    The medicine bag is religious in nature and is important to Plaintiff's observance of his faith.

5.    Client behavior is governed by a written policies that clients at the MSOP are expected to follow.

6.    Defendants adopted policies, including the Dress Code Policy, which prohibit wearing jewelry above the shirt.

7.    The Dress Code Policy was in place in 2011 and the relevant policy language remains in place today.

8.    In 2011, Plaintiff was issued four BERs related to his wearing a religiously significant medicine bag and tomahawk necklace outside his shirt while in areas outside his cell.

9.    Plaintiff was permitted to have the medicine bag and tomahawk necklace pursuant to the 2011 Client Jewelry Policy and accompanying Jewelry Specification Images.

10.    The Client Jewelry Policy was in place in 2011 and the relevant policy language and specification images remain in place today.

3

11.    Plaintiff was permitted to have the medicine bag and tomahawk necklace pursuant to the 2011 Spiritual Practices Policy.

12.    The Spiritual Practices Policy was in place in 2011 and the relevant policy language remains in place today.

13.    Defendants relied on the Dress Code Policy when issuing those BERs.

14.    The Dress Code Policy was not and has not been enforced uniformly.

15.    Other MSOP clients wore and continue to wear religious items over their shirt without consequence.

16.    Defendants' enforcement against Plaintiff was selective and discriminatory.

17.    The challenged injury is ongoing: because the same language remains in force and because Plaintiff was previously written up under that policy for wearing his medicine bag above his shirt, Plaintiff continues to this day to refrain from wearing the item out of a reasonable fear of renewed discipline.

18.    Plaintiff continues to suffer harm.

19.    Absent injunctive relief, Plaintiff will remain chilled from engaging in the religious practice at issue.

### III.    UNRESOLVED SUBSTANTIVE ISSUES

1.    **Whether the relevant policy remains in effect and continues to cause harm to Plaintiff through the threat of renewed discipline**. Standing for prospective relief requires an ongoing injury or a real and immediate threat of future injury. *281 Care Comm. v. Arneson*, 638 F.3d 621, 627-28 (8th Cir. 2011). "If a plaintiff has a past injury-in-fact, meets the other requirements of standing, and shows that he faces 'a real and

immediate threat that [he] would again suffer similar injury in the future,' then he has standing to seek injunctive or declaratory relief." *Roberts v. Thompson*, No. 25-1475, -- F.4th --, 2026 WL 1409990, at \*4 (8th Cir. May 20, 2026) (quoting *Frost v. Sioux City*, 920 F.3d 1158, 1161-62 (8th Cir. 2019)). Policies that remain in effect from when a plaintiff suffered an injury-in-fact to the present constitute a real and immediate threat of the past injury-in-fact. *See Roberts*, 2026 WL 1409990, at \*4; *see also Iowa Migrant Movement for Just. v. Bird*, 157 F.4th 904, 915 (8th Cir. 2025) (holding that where government "s[ought] to enforce" the challenged law, and law could apply to plaintiff, there was "likely a substantial risk" that the plaintiffs would suffer injury (citation modified)). "[P]atterns of past practice" are also relevant considerations regarding the appropriateness of injunctive relief. *Park v. Forest Serv. of U.S.*, 205 F.3d 1034, 1038-39 (8th Cir. 2000). Plaintiff's position is that the relevant policy language is still in effect, Plaintiff remains subject to it, and Plaintiff reasonably refrains from wearing his medicine bag because he was previously disciplined under the same policy. His injury is therefore ongoing.

2.    **Whether Plaintiff was treated differently from similarly situated MSOP clients.** Plaintiff must prove that Defendants treated Plaintiff differently from similarly situated persons and that the unequal treatment was based on religion or intentional religious discrimination. *Am. Fam. Ins. v. City of Minneapolis*, 836 F.3d 918, 921 (8th Cir. 2016). Treatment of Plaintiff should be compared to all MSOP clients, given his testimony and evidence of harm over the last fifteen years and ongoing at multiple MSOP facilities. Plaintiff's position is Plaintiff's differential treatment will be shown through circumstantial

evidence, including selective enforcement, comparator evidence, inconsistent application of the Dress Code Policy, and testimony that others violated the same policy without consequence while Plaintiff was written up for wearing his medicine bag over his shirt.

       **3.**      **Whether the differential treatment was intentional.** Plaintiff must prove that Defendants treated Plaintiff differently from similarly situated persons and that the unequal treatment was based on religion or intentional religious discrimination. *Am. Fam. Ins. v. City of Minneapolis*, 836 F.3d 918, 921 (8th Cir. 2016). "Determining the existence of a discriminatory purpose demands a sensitive inquiry into such circumstantial and direct evidence as may be available." *Mensie v. City of Little Rock*, 917 F.3d 685, 689 (8th Cir. 2019) (internal citation and quotations omitted). "This standard requires examining the totality of the relevant facts, including racially [and religious based] discriminatory impact, historical background, the sequence of events leading up to the challenged decisions, and legislative or administrative history." *Id.* (internal citations and quotations omitted). Although Plaintiff must show a discriminatory purpose was a motivating factor of his differential treatment, he need not prove that this purpose was the sole motivating factor. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). "[I]ntent to discriminate on racial [or religious] grounds is a pure question of fact." *Rogers v. Lodge*, 458 U.S. 613, 623 (internal citation and quotations omitted) (1982). Plaintiff's position is Plaintiff's differential treatment will be shown through circumstantial evidence, including selective enforcement, comparator evidence, inconsistent application of the Dress Code Policy, and testimony that others violated the same policy without consequence while Plaintiff was written up for wearing his medicine bag over his shirt.

4. **Whether defendants have adequate justification for the disparity.** Plaintiff's position is that Defendants have not provided adequate justification. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987).  Moreover, selective enforcement of the policy cannot be justified.  *See Johnson v. Crooks*, 326 F.3d 995, 999 (8th Cir. 2003) ("'[T]he Constitution prohibits selective enforcement of the law based on considerations such as race.'") (quoting *Whren v. United States*, 517 U.S. 806, 813 (1996)). Where others violate the same policy without discipline, like here, Defendants' asserted justification is weakened.

5. **What injunctive relief, if any, is appropriate.** Prospective relief against officials in their official capacities is available to stop an ongoing violation of federal law. *Ex Parte Young*, 209 U.S, 123, 159-60 (1980). Any injunction must be narrowly drawn. 18 U.S.C. § 3626(a)(1)(A).  Plaintiff's position is that injunctive relief is appropriate. Plaintiff seeks narrow, as-applied relief prohibiting Defendants from applying that the Dress Code Policy to bar Plaintiff from wearing his medicine bag in a discriminatory and unconstitutional manner.

6. **Whether Plaintiff is entitled to declaratory relief.** Defendants may argue that Plaintiff is not entitled to declaratory relief because Plaintiff's only surviving claim is for injunctive relief. Plaintiff's position is that in order to address the injunctive relief question, the Court would necessarily have to decide whether there was in fact a violation of Plaintiff's constitutional rights, as prospective relief against officials in their official capacities is available to stop an ongoing violation of federal law. *Ex Parte Young*, 209 U.S, 123, 159-60 (1980). Further, declaratory relief would clarify the legal basis for the injunction and help prevent future disputes about what the result of the trial means. *See*

7

*Just. Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 764 (8th Cir. 2019) ("A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act.") (internal citation and quotations omitted). Injunctive relief is a remedy; a finding that an equal protection violation occurred is a necessary prerequisite to determining the necessary relief to remedy the violation.

## IV.   UNRESOLVED EVIDENTIARY ISSUES

1.     **Relevance of prior policies.** Defendants may object to the admissibility of historical MSOP policies (from 2011 to 2023). Plaintiff's position is that the policies are relevant under Rules 401 and 402 to the predicate violation that forms the basis of Plaintiff's equal protection claim, historical development of the challenged restriction, the continuity between present and past enforcement, selective enforcement, the ongoing nature of constitutional injury, and the need for prospective relief.

2.     **Relevance of prior conduct.** Defendants may object more generally to the temporal scope of evidence at trial. Plaintiff's position is that testimony and evidence relating to prior BERs, prior enforcement or non-enforcement of the Dress Code Policy, compliance with the Client Jewelry Policy, prior MSOP training, and prior treatment of MSOP clients by MSOP employees are relevant under Rules 401 and 402 to show notice, intent, selective enforcement, and the continued chilling effect on Plaintiff.

## V.   UNRESOLVED PROCEDURAL ISSUES

1.     **The proper scope of injunctive relief.** Prospective relief against officials in their official capacities is available to stop an ongoing violation of federal law. *Ex Parte*

8

*Young*, 209 U.S, 123, 159-60 (1980). Any injunction must be narrowly drawn. 18 U.S.C. § 3626(a)(1)(A).  Plaintiff's position is that injunctive relief is appropriate. Plaintiff seeks narrow, as-applied relief prohibiting Defendants from applying that the Dress Code Policy to bar Plaintiff from wearing his medicine bag in a discriminatory and unconstitutional manner.

## VI.   REQUESTED RELIEF

Plaintiff respectfully requests that, after trial, the Court enter judgment in Plaintiff's favor and issue prospective injunctive relief. To be clear, while Plaintiff believes a revision of the Dress Code Policy would resolve the issue, Plaintiff does not seek a facial invalidation of the Policy test. Plaintiff seeks an injunction prohibiting Defendants from applying that Policy to bar Plaintiff from wearing his medicine bag in a discriminatory and unconstitutional manner. Thus, Plaintiff requests the Court order that Defendants shall not issue disciplinary reports, or otherwise penalize Plaintiff for wearing his medicine bag and other cultural items above his shirt unless Defendants demonstrate and apply a neutral, uniform, and legitimate security-based restriction. Plaintiff also requests declaratory relief that Defendants' ongoing application of the jewelry policy to prohibit Plaintiff from wearing his medicine bag violates the Equal Protection Clause of the Fourteenth Amendment.

Dated: June 15, 2026                    Respectfully Submitted,


                                        */s/Kate M. Baxter-Kauf*
                                        Kate M. Baxter-Kauf (#0392037)
                                        Arielle S. Wagner (#0398332)
                                        Michael J.K.M. Kinane (#0504621)
                                        **LOCKRIDGE GRINDAL NAUEN PLLP**
                                        100 Washington Avenue South, Suite 2200
                                        Minneapolis, MN  55401
                                        (612) 339-6900
                                        kmbaxter-kauf@locklaw.com
                                        aswagner@locklaw.com
                                        mjkmkinane@locklaw.com

                                        *Attorneys For Plaintiff*

10